IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Darryl L. Cook, | ) | C/A No. 0:14-1169-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      The plaintiff, Darryl L. Cook, a self-represented federal prisoner, filed this civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss or, in the alternative, for summary judgment. (ECF No. 31.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Cook of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 32.) Cook filed a response in opposition to the motion. (ECF No. 34.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

## BACKGROUND

      The following facts are either undisputed or taken in the light most favorable to Cook to the extent they find support in the record. (See generally, Compl., ECF No. 1 at 2-4.) Cook alleges that he is a "colon-cancer gene carrier" whose "remission is questionable." (Id. at 3.) Cook indicates that he was transported to an appointment with an oncologist for a scheduled colonoscopy on December

18, 2012; however, Cook complains that this test had been "prolonged by the retaliating negligence" and "racial disparity" of FCI Estill medical staff. (Id. at 2.) Cook claims that, while white inmates are scheduled for cancer appointments "in a timely fashion," he has been "forced to suffer over three years" with "developing lobes that are matastisizing." (Id.) Cook alleges that the delay in medical testing results from his "filing of other civil actions against the Health Services at the Estill Federal Prison Camp." (Id.) Cook further alleges that his "mother is suffering" from the accumulation of medical bills, which are being redirected by the defendant to her home. (Id. at 3.) Cook seeks monetary damages. (Id. at 5.)

**DISCUSSION**

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v.



Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.



See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.    Federal Tort Claims Act**

Cook has expressly filed this action pursuant to the FTCA, which provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[1] 28 U.S.C. § 1346(b)(1). Because the FTCA includes a limited waiver of the Government's immunity as a sovereign, the statute is to be strictly construed and its requirements strictly met.[2] See Welch v.

---

[1] In his Complaint, Cook expressly states that he is not attempting to bring a claim for constitutional violations. (ECF No. 1 at 3.) Further, Cook's response in opposition to the defendant's motion states that he "has explicitly brought his claims under the Federal Tort Claims Act." (ECF No. 34 at 8.)

[2] One such requirement is the exhaustion of administrative remedies, and the FTCA requires that a claim be presented to the appropriate federal agency before filing a civil action against the government. See 28 U.S.C. § 2675(a). In this case, the defendant concedes that Cook has met the FTCA exhaustion requirement.



United States, 409 F.3d 646, 650-51 (4th Cir. 2005); see also Lane v. Pena, 518 U.S. 187, 192 (1996) (stating that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign").

**C.     Defendant's Motion**

    **1.     Delay in Medical Testing and Treatment**

As indicated above, the court must determine liability in accordance with the substantive tort law of the state "where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001) (holding that the FTCA "permits the United States to be held liable in tort in the same respect as a private person would be held liable under the law of the place where the act occurred"). Because Cook alleges negligence associated with medical treatment at a federal prison located in South Carolina, the substantive law of South Carolina controls.

To recover in a negligence claim under South Carolina law, "a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." Bloom v. Ravoira, 529 S.E.2d 710, 712 (S.C. 2000). Further, when a Complaint involves medical malpractice, the South Carolina Supreme Court requires a plaintiff to show: "(1) the generally recognized and accepted practices and procedures that would be followed by average, competent practitioners in the defendant['s] field of medicine under the same or similar circumstances, and (2) that the defendant[] departed from the recognized and generally accepted standards." David v. McLeod Reg'l Med. Ctr., 626 S.E.2d 1, 4 (S.C. 2006). A plaintiff must also "show that the defendant['s] departure from such generally recognized practices and procedures was the proximate



cause of the plaintiff's alleged injuries and damages." Id. Moreover, to pursue a medical malpractice claim under South Carolina law, a plaintiff must file "as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim . . . ." S.C. Code Ann. § 15-36-100(B). A plaintiff's "failure to file such an affidavit with the Complaint requires dismissal of the case in state court." Allen v. United States, C/A No. 2:13-2740-RMG, 2015 WL 1517510, at *6 (D.S.C. Apr. 1, 2015) (adopting the report and recommendation as the order of the court) (citing Rotureau v. Chaplin, C/A No. 2:09-1388-DCN, 2009 WL 5195968, at *6 (D.S.C. Dec. 21, 2009)).

The defendant moves for dismissal based on Cook's failure to state a viable medical malpractice claim because he did not file an expert affidavit contemporaneously with the Complaint. (ECF No. 31 at 14.) Cook's response in opposition to the defendant's motion asserts that the expert affidavit requirement of S.C. Code. Ann. § 15-36-100(B) does not apply in this case because he names the United States as the sole defendant and does not bring suit against individual medical professionals. (ECF No. 34 at 4-5.) Cook also asserts that his claims are for medical negligence, rather than medical malpractice, although he fails to explain why these terms are substantively different. (Id. at 8.)

The gravamen of Cook's Complaint is the defendant's alleged denial of timely medical testing and treatment.³ Further, it is undisputed that Cook failed to file an expert affidavit with the Complaint, or anytime thereafter, and the filing of an expert affidavit is "a mandatory prerequisite to the filing of a malpractice claim against the United States under the FTCA in this District." Allen,

---

³ The court notes that the only federal employees specifically discussed in the Complaint are Dr. Edward Reed and MLP Garcia, who are alleged to be employees of "Health Services at the Estill Federal Prison Camp." (ECF No. 1 at 1-2.)



2015 WL 1517510 at *6 (collecting cases).  Accordingly, to the extent Cook raises any claim of medical malpractice, the defendant's motion should be granted.

The defendant next argues that, even if expert testimony were not required at the time of filing, Cook fails to forecast any proof of medical negligence and/or medical malpractice on the part of the defendant to survive summary judgment.  In support of its motion, the defendant submits portions of Cook's medical records (ECF No. 31-5) and a declaration by Dr. Ivan L. Negron, the Regional Medical Director of the Federal Bureau of Prisons (ECF No. 31-6).  Negron's declaration states that Cook was diagnosed with colon cancer in 2006, prior to his incarceration. (ECF No. 31-6 at 1.)  Surgery and chemotherapy resulted in a remission of Cook's colon cancer after one year of treatment.  (Id. at 1-2.)  Follow-up colonoscopies in June of 2009 and October of 2010 showed no evidence of cancer or polyps.  (Id. at 2.)  A physical examination and a computerized tomography ("CT") scan performed on September 29, 2011 and October 30, 3011 also revealed no evidence of colon cancer.  (Id.)  Cook consulted with an outside surgeon on June 13, 2012, whose recommendation indicated that "colonoscopies did not appear to be much value more often than every three years . . . and asked that inmate Cook return in October 2013 for a colonoscopy." (Id. at 3.)  A follow-up appointment with an oncologist in December of 2012 resulted in Cook's referral for a colonoscopy to be performed as soon as possible. (Id. at 3-4.)  On May 30, 2013, Cook received that colonoscopy showing no recurrent cancer or "evidence of tumors or polyps in the colon." (Id. at 4.)  The gastroenterologist noted that poor pre-procedure preparation could have obscured small polyps. (Id.)

In September of 2012, a CT scan of Cook's chest, abdomen, and pelvis showed "a few small lung nodules," but "no definite acute abnormalities or definite evidence of metastatic disease in the



chest, abdomen or pelvis." (Id. at 3.) CT scans of Cook's chest were thereafter performed at six month intervals. (Id. at 3-5.) A scan in March of 2013 showed nodules that "remained indeterminate in nature, [but] metastatic disease was not ruled out." (Id. at 4.) A CT scan in September of 2013 revealed that the "nodules were stable when compared to their size in the previous images," and one in March of 2014 showed no abnormalities. (Id. at 5.)

Cook's response in opposition to the defendant's motion generally alleges that parts of Negron's declaration constitute "fraudulent falsifications of the medical records." (ECF No. 34 at 3.) Cook points to a period when he was in transit for court proceedings, between March 15, 2014 and June 24, 2014, as support for his allegation that he could not have received all of the medical attention discussed in Negron's declaration. (Id.) However, the last test noted by Negron is the March 7, 2014 CT scan and the declaration provides no indication that Cook received treatment or testing during the period he was allegedly in transit. Thus, Cook fails to provide support for his conclusory assertion that medical records have been falsified in this case. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding that a plaintiff must be armed with something "more than conclusions").

Further, while the defendant concedes that prison officials have a duty to provide reasonable care to inmates, Cook cannot demonstrate, and no reasonable jury could find, that the defendant breached its duty to provide such care based on the record presented in this case. As argued by the defendant, Cook fails to establish the required standard of care for his medical condition or show how the defendant departed from the recognized and generally accepted standard of care in this case. David v. McLeod Reg'l Med. Ctr., 626 S.E.2d 1, 4 (S.C. 2006). Cook also fails to show that his injuries were proximately caused by any alleged departure by the defendant from the required



standard of care. Id.  Accordingly, the court finds that the defendant's motion should be granted as to Cook's negligence claims associated with delayed medical treatment and testing.

### 2. Redirection of Medical Bills

Cook also complains that the defendant has redirected medical bills to Cook's mother. The defendant argues that Cook lacks standing to bring an action on his mother's behalf. (ECF No. 31 at 15.)  The United States Supreme Court has held that to satisfy the constitutional standing requirement, a plaintiff must demonstrate:  (1) injury in fact, (2) causation, and (3) redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  In this case, Cook presents no factual allegations to show how he has been injured by the defendant's alleged redirection of his mail.[4] Further, Cook cannot bring suit on behalf of his mother. See Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (holding that a prisoner's suit is "confined to redress for violation of his own personal rights").  Thus, the defendant's motion should also be granted as to Cook's claims associated with the alleged redirection of his medical bills.

### D. Other Claims

To the extent Cook is attempting to assert any other claims, his Complaint fails to state a plausible claim for relief. See Iqbal, 556 U.S. at 667-78.

---

[4] The court notes that Cook has filed a separate Complaint alleging claims under the FTCA for injury to his credit allegedly resulting from the defendant's redirection of medical bills to his mother's residence. See Cook v. United States of America, C/A No. 0:14-2660-RMG-PJG (D.S.C. July 2, 2014).



**RECOMMENDATION**

For the foregoing reasons, the court recommends that the defendant's motion (ECF No. 31) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 21, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).