IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Darryl L. Cook, ) | |
| ) | No: 0:14-cv-1169-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge. (Dkt. No. 36.) For the reasons set forth below, the Court agrees with and ADOPTS the R&R as the order of the Court.

## I. BACKGROUND

Plaintiff brings this *pro se* action seeking relief pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80. For the purposes of this motion to dismiss, the Court assumes the facts alleged in the unverified Complaint are true, construes the facts in Plaintiff's favor and draws all inferences in Plaintiff's favor. Plaintiff is a federal inmate at Estill Federal Correctional Institution (FCI). (Dkt. No. 1 at 1.) He asserts a claim for negligence arising from the alleged delay in treatment of his "high risk disease of colon-cancer." (*Id.* at 3–4.) Plaintiff alleges that he is a "colon-cancer gene carrier" whose "remission is questionable." (*Id.* at 3.) He claims that his colonoscopy on December 18, 2012, had been "prolonged by the retaliating negligence, racial disparity, and deliberate indifference" of the Estill FCI staff. (*Id.* at 2.) In support, Plaintiff alleges that white inmates were scheduled in a "timely fashion," while he has been "forced to suffer over three years," with "developing lobes that are metastasizing." (*Id.*) According to Plaintiff, the delay in his scheduled colonoscopy also resulted from his "filing of

1

other civil actions against the Health Services" at Estill FCI. (*Id.*) Plaintiff further alleges that "his mother is suffering" from the accumulation of medical bills, which are being redirected by Defendant to her home. (*Id.* at 3.)

Defendant moved for dismissal, or in the alternative, for summary judgment, on September 26, 2014. (Dkt. No. 31.) Plaintiff then filed a response opposing the motion. (Dkt. No. 34.) The Magistrate Judge recommended granting Defendant's motion, finding that the Complaint failed to state any plausible claims for relief. (Dkt. No. 36 at 5–9.) Plaintiff filed a timely written objection to the Magistrate Judge's R&R.[1] (Dkt. No. 38.)

## II. LEGAL STANDARDS

### A.  Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

---

[1] Plaintiff later filed a supplemental objection on May 6, 2014 (Dkt. No. 39); however, the Court notes that it is a duplicate of Plaintiff's original objection.

2

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Pro se* complaints are construed liberally to allow the development of meritorious claims and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view *pro se* complaints does not transform the court into an advocate.").

### B.  Summary Judgment

Summary judgment is appropriate if a party shows "that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of

demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his or her pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### C.     Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

4

## III. DISCUSSION

### A. Delay in Medical Testing and Treatment

The Court agrees with the Magistrate Judge's finding that, to the extent Plaintiff alleges a medical malpractice claim, dismissal is appropriate because Plaintiff did not file an expert affidavit contemporaneously with the Complaint. *See* S.C. Code Ann. § 15-36-100 (in order to pursue a malpractice claim in South Carolina, a plaintiff is first required to "file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit");[2] *Rotureau v. Chaplin*, No. 2:09-cv-1388, 2009 WL 5195968, at *6 (D.S.C. Dec. 21, 2009) (dismissing "plaintiff's malpractice claim without prejudice as a result of plaintiff's failure to comply with [S.C. Code Ann.] § 15-36-100"). Indeed, Plaintiff has offered no indication that he has procured the required expert affidavit or intends to procure one at a future date. Instead, he merely argues that "this is a case of negligence, . . . not . . . malpractice." (Dkt. No. 38 at 8.)

The Court, like the Magistrate Judge, cannot easily discern how Plaintiff's negligence claim differs from one of medical malpractice, particularly considering his assertion that Defendant "depart[ed] from . . . general[ly] recognized practices and procedures by avoiding medical treatment." (Dkt. No. 38 at 9.) In so arguing, Plaintiff attempts to establish an element of a medical malpractice claim under South Carolina law. *David v. McLeod Reg'l Med. Ctr.*, 626 S.E.2d 1, 4 (S.C. 2006) (a plaintiff alleging medical malpractice must provide evidence showing, among other things, that "the defendants departed from the recognized and generally accepted standards").

---

[2] The FTCA applies the substantive tort law of the state "where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Here, Plaintiff alleges negligence arising from his treatment at a federal prison located in South Carolina, and therefore South Carolina law controls.

5

Regardless, even if Plaintiff's claim could survive the dismissal stage without the expert affidavit, the Court agrees with the Magistrate Judge that his negligence claim cannot survive summary judgment. The Court finds that the Magistrate Judge accurately recounted the submitted medical records in this case and properly concluded that Plaintiff "cannot demonstrate, and no reasonable jury could find, that the defendant breached its duty to provide [reasonable] care." (Dkt. No. 36 at 8.) Plaintiff argues that the Magistrate Judge based her conclusion on falsified records. (Dkt. Not. 38 at 9.) However, as with Plaintiff's previous briefings, he again fails to provide support for this conclusory assertion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a plaintiff must be armed with something "more than conclusions"). Accordingly, the Court finds that Plaintiff's negligence claim fails as a matter of law.

### B.   Redirection of Medical Bills

To the extent Plaintiff attempts to assert a claim based on the alleged redirection of his medical bills, the Court agrees with the Magistrate Judge that he lacks standing to bring such a claim on his mother's behalf. Plaintiff has not alleged any direct injury from the alleged redirection of his mail. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (to satisfy the standing requirement, a plaintiff must demonstrate: (1) injury in fact, (2) causation, and (3) redressability).

Plaintiff argues that he only mentioned "the billing in the original cause of action as an accrual for such negligent action and omission that was to follow the claim of medical neglect." (Dkt. No. 38 at 10.) The Court construes this to mean that Plaintiff intended the allegations of redirected billing to serve as further evidence of Defendant's negligence. However, such allegations, even when liberally construed, fail to demonstrate how Defendant breached its duty

6

to provide reasonable medical care to Plaintiff. Thus, Plaintiff's negligence claim still fails as a matter of law.

### C. Other Claims

Finally, the Court agrees with the Magistrate Judge that, to the extent Plaintiff is attempting to assert any other claims, his Complaint fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 667–78. In his objections, Plaintiff asserts that he is imminent danger, and therefore not subject to the "three strikes provision" under 28 U.S.C. § 1915(g). (Dkt. No. 38 at 6.) However, the Court cannot find any indication that Plaintiff alleges a claim that is subject to this subsection of the statute, or that the Magistrate Judge relied on this subsection in granting Defendant's motion. *See* 28 U.S.C. § 1915(g) (providing that a prisoner cannot bring an action *pro se* when the prisoner has, "on 3 or more prior occasions, while incarcerated, . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury"). Therefore, Plaintiff's objections relating to 28 U.S.C. § 1915(g) are inapplicable here.

In addition, to the extent Plaintiff states a plausible claim with his allegations of "racial disparity" in medical treatment at Estill FCI (Dkt. No. 1 at 2), the Court finds that there is no evidence to support such a claim, and therefore summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 324.

### IV. CONCLUSION

For the reasons set forth above, the Court agrees with and **ADOPTS** the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 36.) Accordingly, Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment (Dkt. No. 31) is **GRANTED**.

7

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 7, 2015
Charleston, South Carolina